

270 North Avenue, Suite 202
New Rochelle, New York 10801
T: (914) 239-4900   F: (914) 636-0585
www.sattlaw.com

**New York City Office:**
20 Vesey Street, Suite 503
New York, N.Y. 10007
T: (212) 766-4484

November 10, 2020

VIA ECF
Hon. Andrew E. Krause
United States Magistrate Judge
United States District Court Southern District of New York
300 Quarropas Street
White Plains, New York 10601

         Re: Vileno v. Dollar Tree
         Index: 7:19-cv-11342

Dear Magistrate Judge Krause:

  This firm represents Plaintiff Joan Vileno in connection with the above-referenced matter. As has been previously expressed to the Court, Ms. Vileno is 71 years old and resides in Mount Vernon, New York. On June 12, 2019, she was caused to trip and fall at the Dollar Tree store located in New Rochelle, New York. As a result thereof, she sustained serious injuries, including, but not limited to, a humeral head fracture, an intrasubstance tear of the tendon in her left shoulder and bilateral trigger thumbs, for which she underwent surgery on March 10, 2020. Ms. Vileno testified that while she has had significant improvement since the surgery, she continues to experience difficulty with her right thumb, including a diminished grip. In addition, Ms. Vileno continues to experience pain in her left shoulder and has problems with motion of that shoulder joint.

  Concededly, pursuant to Rule 35 of the Federal Rules of Civil Procedure, federal district courts have generally ruled that, absent a showing of undue burden or hardship, a plaintiff should have to submit to an examination in the jurisdiction in which the suit is brought. Here, however, Defendant has requested that Ms. Vileno, a 71 year-old woman with hand grip issues and recurring shoulder pain, appear for an independent medical examination outside the Southern District of New York, the jurisdiction where this suit is being brought. Specifically, Defendant has requested that Ms. Vileno, be examined at 53 Brentwood Road, Bayshore, New York 11706, located within the Eastern District of New York and approximately 1 hour and 20 minutes driving time from Ms. Vileno's residence.

  We respectfully request that the Court compel Defendant to choose a medical facility within the Southern District, particularly given Ms. Vileno's age and the injuries from which she continues to suffer as a result of this trip and fall. Although defendants claim that they made two inquiries with hand surgeons in the District who were "conflicted out", we don't believe that requesting that the defendants make a few more calls to be that large a burden, and is certainly

outweighed by the burden on plaintiff to having to travel to Bayshore. Our office has conducted a simple internet search showing several hand doctors and/or medical facilities/providers located within the Southern District. Below is a non-exhaustive list of same

Ari Mayerfield, Dr. – (914) 864-4263
Doron Ilan, Dr. – (914) 693-2057
- Daniel Seigerman, Dr. – (888) 636-7840
- Kamran Shaukat, Dr. – (914) 664-8000
- Jeffrey Jacobson, Dr. - (914) 421-0123
- Paul Fragner, Dr. – (914) 946-1010
- Richard Magill, Dr. - (914) 789-2733
- George Pianka, Dr. - (914) 631-7777
- Alan Gotesman, Dr. – (845) 359-1877
- Stuart Elkowitz, Dr. - (914) 681-8808
- Robert Reiffel, Dr. - (914) 683-1400
- Eugene Sidoti, Dr. – (914) 472-7200
- Alan Schefer, Dr. - (914) 242-1561
- Joseph Rosenbaum, Dr. – (914) 682-0700
- Nathan Douglass, Dr. - (914)337-3976
- Joseph Rosenbaum, Dr. (914) 848-8870

Accordingly, it is respectfully requested that Defendant be directed to redesignate an IME physician who is located in the Southern District. Additionally, there are several hand surgeons in the Greenwich Connecticut area and while that is outside the district, it is much closer than Bayshore

Very truly yours,

s/*Erica B. Sattler, Esq.*
By: Erica B. Sattler, Esq.
For SATTLER LAW GROUP, P.C.
914-239-4900

---

Plaintiff's letter motion to preclude the Rule 35 examination by Dr. Hochwald [ECF No. 31] is DENIED. Every effort should be made to have the examination take place in either Huntington or Plainview, which are approximately 10-15 miles closer to Mt. Vernon than Bayshore. Plaintiff does not suggest that Defendant should not be permitted to schedule the IME -- only that the location of the IME is too far away from Plaintiff's home. Plaintiff requests that the IME be scheduled with a physician located within the SDNY, but many locations within the SDNY are considerably farther away from Mt. Vernon than Dr. Hochwald's three offices. Defendant made multiple efforts to select experts who were more conveniently located, only to find them conflicted. It is not unreasonably burdensome for Plaintiff to travel to Long Island for the examination, and proximity to the Plaintiff need not be Defendant's primary consideration in choosing an expert. Per Defendant's request [ECF No. 32], the expert discovery deadline is hereby extended until December 11, 2020 to allow for the completion of the examination.
DATED: November 12, 2020

2 | Page

SO ORDERED.

*Andrew Krause*

ANDREW E. KRAUSE
United States Magistrate Judge