UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
JOAN VILENO,

                      Plaintiff,

v.                                                                       <u>ORDER</u>

DOLLAR TREE STORES, INC.,                      19-CV-11342 (PMH)

                      Defendant.
---------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

      Pursuant to the Court's Order, Defendant Dollar Tree Stores, Inc. ("Defendant" or the "Store") filed a motion *in limine* in advance of trial. (Docs. 38, 43).[1] At the final pretrial conference held in this matter on March 24, 2021, the Court heard oral argument on the motion. For the reasons set forth on the record, Defendant's motion *in limine* is DENIED, but the Court will limit Plaintiff's characterization of the subject evidence to the extent it is offered at trial.

      Specifically, Defendant seeks to preclude Plaintiff from offering evidence of the Store's internal procedures for safety to the extent that those internal guidelines go beyond the standard of ordinary care. In this case, there are no written policies and procedures implementing any heightened standard of care. Rather, Plaintiff seeks to elicit testimony concerning the rules, procedures, and/or guidelines that employees are taught concerning hazardous items brought into the Store as identified at the witnesses' depositions.

      As set forth on the record, the Court will not preclude Plaintiff from calling as witnesses the Store's District Manager and its employees. Plaintiff may offer testimony concerning the content of their training, what they are taught to do, and how they are expected to respond in connection with hazardous items brought into the Store. However, Plaintiff will not be permitted

---

[1] Defendant initially filed its motion on March 15, 2021, but re-filed at the direction of the Clerk's Office on March 25, 2021.

1

to characterize such testimony as the store's internal policy as if a written policy existed, or to label such testimony as imposing a heightened standard of care upon the Store.

The Clerk of Court is respectfully requested to terminate the pending motion (Doc. 43).

SO ORDERED.

Dated: White Plains, New York
       April 14, 2021

_____
Philip M. Halpern
United States District Judge